UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JORDAN JOSEPH KINARD, #1182772,**

Petitioner,

v.  Civil Action No. 2:12cv85

**HAROLD W. CLARK,**
Director, Virginia Department of Corrections,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted in 2006 and currently serving a fourteen (14) year sentence, asserts that he was denied effective assistance of counsel. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure the matter was referred to the undersigned for a report and recommendation. Because the petition is time-barred the undersigned recommends it be dismissed.

### I. STATEMENT OF THE CASE

On July 17, 2006, in the Circuit Court of Prince William County, a jury convicted Petitioner Joseph Jordan Kinard ("Petitioner" or "Kinard") of grand larceny. Kinard was sentenced on October 18, 2006, to a term of fifteen (15) years imprisonment with one year suspended, for an active jail term of fourteen (14) years. Petitioner appealed to the Virginia Court of Appeals, which affirmed the Circuit Court's judgment. Kinard v. Commonwealth, No.

1

2628-06-1, 2007 WL 4163656, at 1-2 (Va. Ct. App. Nov. 27, 2007). Kinard did not appeal the Virginia Court of Appeals decision.

On September 17, 2008, Kinard filed a petition for writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 5-3 at 1). The state habeas petition alleged that "[petitioner] was denied effective assistance of counsel." Id. at 1-2. Kinard claimed ineffective representation on the basis of counsel's failure to seek review by a three judge panel of the Court of Appeals of Virginia and failure to file an appeal to the Supreme Court of Virginia. Id. at 1-2. On March 18, 2009, the Supreme Court found that the petition was without merit and ordered it dismissed. Id. A month later Petitioner filed a second state habeas petition which the Supreme Court dismissed as time-barred. (ECF No. 5-4 at 2-3.)

Kinard, proceeding pro se, conditionally filed three successive federal habeas petitions in this Court between July 28, 2009, and October 3, 2011. See 2:09-cv-350, ECF No. 1; 2:09-cv-627, ECF No. 1; 2:11-cv-540, ECF No. 1. Each conditional filing was met by an Order advising Kinard that Federal Law requires a habeas petitioner to pay a filing fee of $5.00 or submit an affidavit requesting to proceed in forma pauperis. Each time Kinard failed to remit the required $5.00 fee or submit a request to proceed in forma pauperis. Accordingly, each petition was dismissed without prejudice to Petitioner's rights to present his claims at a later date.

On January 9, 2012,[1] Kinard filed the present habeas petition with the required $5.00 fee. (ECF No. 1). Kinard asserts two claims in his petition. First, the Supreme Court of Virginia violated Petitioner's due process rights by denying him an evidentiary hearing before deciding the state habeas petition. Second, Kinard's counsel was ineffective because he failed to timely instruct Petitioner of his rights and obligations regarding appeal to the Supreme Court of

---

[1] Though the Court's filing stamp reflects receipt on February, 15, 2012, for purposes of this R & R the pleading will be deemed filed on January 9, 2012, the date it was placed in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

2

Virginia. Id. at 17. Respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF No. 3, 4, 5). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Kinard has not replied and Respondent's Motion to Dismiss is now ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Kinard's petition is time-barred.

Kinard's habeas petition is time-barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) establish a one-year limitation period for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after the latest of: (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A) – (D). Petitioner has not alleged any circumstances which would extend the limitations period.

The time period during which State post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2). In order for tolling to occur, an application for review must be "properly filed." Id. "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (deciding that properly filed includes timely filing). Furthermore, an application for federal habeas corpus review is not equivalent to an "application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)." Duncan

v. Walker, 533 U.S. 167, 181-82 (2001). Therefore, § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition. Id.

In the present case, judgment was entered against Kinard in the Circuit Court of Prince William County on July 17, 2006. Petitioner appealed his conviction to the Court of Appeals of Virginia, which affirmed the Circuit Court judgment on November 27, 2007. Kinard then had thirty (30) days to file an appeal to the Virginia Supreme Court. See Va. Sup. Ct. R. 5:17. Because Kinard did not appeal to the Supreme Court of Virginia, the statute of limitations for his federal habeas petition began to run on December 27, 2007.

The statute of limitations was tolled, however, when Kinard filed his state habeas petition on September 17, 2008. The Supreme Court of Virginia dismissed the petition on March 18, 2009. Kinard then had 101 days remaining to file his federal habeas petition. Petitioner's second state habeas petition – which was not timely filed – did not toll the limitation period. See Artuz, 531 U.S. at 8 (application that fails to comply with time limits is not properly filed). Accordingly, Kinard's federal limitations period expired 101 days after March 18, 2009, or June 27, 2009.

On July 28, 2009, over a month after his limitation period expired, Kinard filed his first of three previous habeas petitions in this Court. Each time Petitioner failed to perfect the conditional filing by either remitting the $5.00 fee or submitting an affidavit to proceed in forma pauperis. Kinard's applications for federal habeas corpus review did not result in statutory tolling under § 2244(d)(2). Duncan, at 161-62 (application for federal habeas corpus review is not application for State post-conviction or other collateral review within meaning of § 2244(d)(2)). Therefore, no time between March 18, 2009 (the date the Supreme Court of Virginia dismissed

Kinard's state habeas petition) and January 9, 2012 (the date the present petition was filed in this Court) is excluded in determining whether this petition is time-barred under § 2244(d)(1).

It was not until January 9, 2012, that Petitioner properly filed the present federal habeas petition. More than two and a half years elapsed between the Supreme Court of Virginia's dismissal of Kinard's state habeas petition and when he filed the instant petition in this Court. Kinard's present habeas petition is barred by the one-year limitation period mandated by § 2244(d)(1).

Additionally, Kinard has not argued that he should be entitled to equitable tolling. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, 130 S.Ct. 2549, 2254 (2010). A petitioner is entitled to equitable tolling only if it is shown: (1) that petitioner has been diligently pursuing his rights; and (2) that extraordinary circumstances stood in the way of timely filing. Id. at 2562. Kinard has not alleged and a review by the undersigned has not discovered facts which would entitle Kinard to equitable tolling. Accordingly, his habeas petition is time-barred and should be dismissed.

### III. RECOMMENDATION

Because Kinard's habeas petition is time-barred, the undersigned recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and Respondent's Motion to Dismiss be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 11, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jordan Joseph Kinard #1182772
Sussex I State Prison
24414 Musselwhite Drive
Waverly, VA 23891

Josephine F. Whalen
Office of the Attorney General
900 E Main St
Richmond, VA 23219

                                              Fernando Galindo,
                                              Clerk of Court

By:_____
                                       Deputy Clerk

                                    _____, 2012